**UNITED STATES of America, Plaintiff,**

v.

**JOSEPH G. MORETTI, INC., and Joseph G. Moretti, Jr., Defendants.**

**No. 71–1176–Civ–WM.**

United States District Court, S. D. Florida.

Dec. 23, 1974.

Robert W. Rust, U. S. Atty., David F. McIntosh, Asst. U. S. Atty., Miami, Fla., for plaintiff.

Sams, Anderson, Alper & Post, Miami, Fla., Kennedy & Webster, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

MEHRTENS, District Judge.

### I. HISTORY

This cause is before the Court on remand from the Fifth Circuit, United States v. Joseph G. Moretti, Inc., 478 F. 2d 418 (1973), which agreed with this Court[1] that restoration was statutorily and equitably appropriate on the facts, but remanded for (1) completion of the after-the-fact administrative procedures then existing,[2] (2) exhaustion of any appeals therefrom, and (3) determination of whether or not the Court approved the defendants' restoration plan together with the mean high tide line therein:

1)  .  .  . Despite the fact that Moretti violated the Act flagrantly and our settled conviction that mandatory affirmative relief requiring a burdensome performance is statutorily and equitably appropriate on these facts, we modify and remand for com-

pletion of the administrative action which conceivably could have the effect of validating the work done, thus rendering the issues litigated moot. United States v. Joseph Moretti, Inc., Id. at 421.

2)  .  .  . The prohibitory injunctions are to remain in full force pending final determination in the administrative proceedings and any appeals, administrative or judicial, therefrom. The mandatory injunction is vacated, subject to being reinstated on a proper showing after completion of the administrative proceedings and any appeal therefrom to the extent that the after-the-fact permit application does not authorize any or all of the work bayward of MHTL.  .  .  . United States v. Joseph Moretti, Inc., Id. at 432.

3)  .  .  . Since there is no indication whether the District Court approved the [restoration] plan it is unavoidable that the exact [mean high tide] line may still be open to some question either in further proceedings before the Department of the Army, the District Court or both  .  .  . United States v. Joseph Moretti, Inc., Id. at 430.

After an evaluation of the materials in the Corps' administrative file, Colonel Emmett C. Lee, Jr., District Engineer, Jacksonville District, United States Army Corps of Engineers (hereinafter the "Corps"), on December 12, 1973, recommended denial of the Moretti after-the-fact permit application.

After an evaluation of the materials submitted by and recommendations of Colonel Lee, Major General John W. Morris, Director of Civil Works, Corps,

---

1. *United States v. Joseph G. Moretti, Inc.*, 331 F.Supp. 151 (S.D. of Fla.1971).

2. The Corps subsequently amended their after-the-fact permit regulations, 33 C.F.R. Section 209.120(g)(12), 39 Federal Register No. 65, page 12123 (April 3, 1974), stating as the reason therefor: The procedures involving unauthorized activities have been changed to reflect the rationale of the *Moretti* decision and to avoid the obvious adverse impact which adherence to the origi-

nally proposed procedures would have on the enforcement of this regulatory program  .  .  . Except in cases where the unauthorized activity was performed in nontidal waters prior to an administrative, judicial or legislative determination that the water is a navigable water of the United States, the District Engineer is not authorized to process or accept for processing any permit application  .  .  . 39 Federal Register No. 65, page 12115 (April 3, 1974).

on January 3, 1974, authorized the District Engineer to deny the Moretti permit application under the authority delegated to him by the Secretary of the Army, 33 C.F.R. Section 209.120, Appendix "D", May 24, 1971.

By letter of January 3, 1974, Colonel Lee advised Moretti that the permit application had been denied.

Although there are no Corps regulations providing for a review of the denial of Moretti's permit application by the Secretary of the Army (hereinafter the "Secretary"), Moretti sought to have the Secretary review the denial of the permit application. On July 1, 1974, the Secretary notified Moretti that there would be no review by the Secretary of the denial of the Moretti permit application by the Corps.

By its motion filed July 11, 1974, the Government moved for reinstatement of the Court's order of September 2, 1971.

Copies of the Corps' administrative files, and of the recommendations and materials submitted by Colonel Lee to Major General Morris, were supplied to Moretti as enclosures to the "Government's Trial Brief," filed with this Court August 6, 1974.

The "Government's Trial Brief" filed August 6, 1974, raised the following issues:

1. Has the Corps denied Moretti's after-the-fact permit application?

2. What is the standard of review by which the Court will review the Corps' administrative denial of Moretti's application for an after-the-fact permit?

3. What is the scope of the Court's review of the Corps' administrative denial of Moretti's application for an after-the-fact permit?

4. In challenging the Corps' denial of Moretti's after-the-fact permit, who must bear the burden?

5. Should the Corps have reopened the permit process for additional comments after remand by the appellate court and have considered new objections on ecological standards existing in 1974 in lieu of the ecological standards existing in 1971?

6. Has the Corps accepted Moretti's restoration plan and Moretti's determination of the mean high tide line contained therein?

Moretti filed no trial brief, but was granted a pretrial conference at its request on August 23, 1974.

Moretti again sought informal review by the Secretary of the denial of its permit application. On September 12, 1974, the Secretary again refused to review the Corps' denial of the Moretti permit application.

A final hearing was held on September 30, 1974.

At the final hearing Moretti presented evidence and argument, *inter alia*, that the action of the Corps in denying the application for an after-the-fact permit and the Secretary's refusal to review the denial of Moretti's application were arbitrary and capricious. At the conclusion of the final hearing, the Government moved the Court to reinstate the order of September 2, 1971, to achieve an environmentally acceptable (although not ideal) solution for this unique canal system having the least disruption to the individual property owners; i. e., enable all individual owners to retain access to Florida Bay while insuring that their illegal canals would become biologically productive.

It should be noted that on September 27, 1974, Moretti filed a suit in the United States District Court for the District of Columbia, Joseph G. Moretti, Inc. v. Howard H. Callaway, Civil Action No. 74–1125. That matter was transferred from the District of Columbia to this Court on October 29, 1974. Pursuant to Motions to Dismiss the Complaint and the Amended Complaint by the Government, this Court dismissed Moretti's suit on the ground that Moretti was estopped to raise issues collateral to the instant cause in a second suit.

## II. FINDINGS AND CONCLUSIONS

The Court having reviewed the record in this case, the Corps' administrative

file, and being otherwise advised in the premises, finds that:

1. The Corps of Engineers has finally denied Moretti's application for an after-the-fact permit and his administrative appeals therefrom.

2. Applying the test of Di Vosta Rentals, Inc. v. Lee, 488 F.2d 674 (5th Cir. 1973), cert. denied, 416 U.S. 984, 94 S.Ct. 2387, 40 L.Ed.2d 761 (1974), the denial of Moretti's permit by the Corps was neither arbitrary nor capricious. And, the burden to show capriciousness was on Moretti. Gables by the Sea v. Lee, 365 F.Supp. 826 (S.D. of Fla. 1973), affirmed per curiam, 498 F.2d 1340 (5th Cir. 1974).

3. The Corps and the Court accept Moretti's demarcation of the mean high tide line which was filed with the Court October 27, 1971.

4. Reinstatement of the Court's order of September 2, 1971, as modified by the Government's "Motion to Modify Restoration Order," is appropriate on the facts. Nevertheless, the Court has no desire to create a hardship upon the presumably innocent, albeit negligent, individual property owners; e. g., the *lis pendens* in this cause was filed prior to the occupancy of Parcel A or the placement of improvements thereon by third parties. However, now that enforcement of our environmental laws is the rule and not the exception, future reliance upon the compassion of the Court and the Government is not warranted.

## III. ORDER

Ordered and adjudged that the defendants, Joseph G. Moretti, Inc., and Joseph G. Moretti, Jr. (hereinafter "Moretti"), are permanently restrained from any further violations of Title 33, United States Code, Section 403, and that they are permanently enjoined from conducting any further excavation or al-teration of the condition and capacity of Florida Bay at Hammer Point, Key Largo, except as otherwise herein permitted.

Ordered and adjudged that as regards that area designated by the parties as Parcel A, which has been conveyed to individual owners, Moretti shall fill all upland canals therein to a depth of ten feet below mean sea level at their mouths sloping gradually upward to a depth of eight feet below mean sea level at their upland ends.

Ordered and adjudged that as regards the area designated by the parties as Parcel B, which has not been conveyed to individual owners, Moretti shall restore the area bayward of the pre-existing mean high tide line to its original condition including replanting of the mangrove fringe, and will completely fill all canals both bayward and landward of the pre-existing mean high tide line.

Ordered and adjudged that Moretti shall within twenty days of the issuance of this Order present to the Court, the United States Corps of Engineers, Jacksonville, Florida, and the United States Fish and Wildlife Service, Vero Beach, Florida, adequate plans and a time table to accomplish the foregoing restoration with the minimum adverse effect on the environment from siltation and turbidity. Upon approval of this plan by the Court, Moretti will immediately begin execution of the plan.

Ordered and adjudged that Moretti is permanently enjoined from selling, conveying, or disposing of any real property at Hammer Point, Key Largo, Florida, without the prior approval of the Court until the aforesaid restoration has been accomplished.

Further ordered and adjudged that either party may apply to the Court for appropriate relief should any dispute arise from enforcement of the terms of this Order.